COPY

1 | Michele L. Levinson (SBN: 234157)
2 | mlevinson@dt-law.com
| DENENBERG TUFFLEY, PLLC
3 | 1999 Avenue of the Stars, Suite 1100
4 | Los Angeles, CA  90067
| Telephone:  (310) 356-4683
5 | Facsimile:  (310) 772-0631
6 |
| Attorneys for Plaintiffs
7 | SMITHFIELD FOODS INC., et. al.

8 |

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | **EASTERN DIVISION**

12 |

13 | SMITHFIELD FOODS INC., a        Case No.:  **CV 12 - 02254 CBM**
| Virginia Corporation, PATRICK
14 | CUDAHY, INC., a Delaware                                                      (DTBx)
15 | Corporation, ALLIANZ GLOBAL
| RISKS US INSURANCE COMPANY,
16 | a California Corporation, ACE        **COMPLAINT FOR MONEY**
17 | AMERICAN INSURANCE        **DAMAGES UNDER THE**
| COMPANY, a Pennsylvania        **FEDERAL TORT CLAIMS ACT**
18 | Corporation, GENERAL SECURITY
19 | INDEMNITY COMPANY OF
| ARIZONA, an Arizona Corporation,
20 | LIBERTY MUTUAL FIRE
21 | INSURANCE COMPANY, a
| Wisconsin Corporation, TOKIO
22 | MARINE & NICHIDO FIRE
23 | INSURANCE COMPANY, LTD., a
| New York Corporation, and
24 | CERTAIN UNDERWRITERS AT
25 | LLOYD'S OF LONDON AND ITS
| MEMBERS SUBSCRIBING TO
26 | CONTRACT NO. DP685509(1),
27 | UNIQUE MARKET REFERENCE
28 | B0509685509, a Foreign Corporation,

1

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
RIVERSIDE
2012 MAR 16  PM 3: 18
BY:
FILED

as subrogees of SMITHFIELD )
FOODS, INC. and PATRICK )
CUDAHY, INC., )
)
              Plaintiffs, )
)
vs. )
)
UNITED STATES OF AMERICA, )
)
              Defendant. )
_____ )

## COMPLAINT

### Jurisdiction, Venue and Conditions Precedent

1.     This matter involves claims for money damages against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§2671, et. seq.  Consequently, pursuant to 28 U.S.C. §1346(b)(1), this Court has subject matter jurisdiction over this matter.

2.     While the underlying loss occurred in Wisconsin, the acts or omissions which Plaintiffs contend impose liability on Defendant (United States of America) occurred at the Twentynine Palms United States Marine Corps Base in San Bernardino County, California.  Consequently, pursuant to 28 U.S.C. §1402(b), venue is proper in this jurisdiction.

3.     Plaintiffs have fully complied with the provisions of the Federal Tort Claims Act, primarily 28 U.S.C. §2675.  Plaintiffs timely served notice of

their claim on the United States Department of Navy, and that claim was denied on November 16, 2011 (see Exhibit A).

4.      This matter was originally filed in the U.S. District Court for the Eastern District of Wisconsin (Case No. 2:11-CV-1148).  However, because (in a Motion to Dismiss) the United States of America agreed with Plaintiffs that the underlying acts or omissions occurred in San Bernardino County, California, and therefore California law applies, in the interests of the efficient administration of justice that Wisconsin action was voluntarily dismissed without prejudice.

**The Parties**

5.      Plaintiff, SMITHFIELD FOODS INC. ("Smithfield"), is a Virginia Corporation with its principal place of business in Virginia.  Smithfield is duly authorized to conduct and transact business in the State of Wisconsin.

6.      Plaintiff, PATRICK CUDAHY INCORPORATED ("Patrick Cudahy"), is a Delaware Corporation with its principal place of business located at One Sweet Apple-Wood Lane, Cudahy, Wisconsin 53110.  Patrick Cudahy is a subsidiary of Smithfield, and is duly authorized to conduct and transact business in the State of Wisconsin.  At all times described herein, Patrick Cudahy operated a 1,500,000 square foot pork processing facility (the "Cudahy Processing Facility") at its Cudahy, Wisconsin location.

3

7.   Plaintiff ALLIANZ GLOBAL RISKS US INSURANCE COMPANY ("Allianz") is a California Corporation, with its principal place of business in California.  Allianz is duly authorized to conduct and transact business in the State of Wisconsin as an insurance company.  At all times described herein, Allianz provided property insurance to Smithfield pursuant to policy number P01058568 for various properties owned by Smithfield and its subsidiaries, including the Cudahy Processing Facility.  Allianz is a Plaintiff in its own right, and as an assignee of ACE Bermuda Insurance Ltd. and Arch Insurance (Bermuda).

8.   Plaintiff ACE AMERICAN INSURANCE COMPANY ("ACE American") is a Pennsylvania Corporation, with its principal place of business in Pennsylvania.  ACE American is duly authorized to conduct and transact business in the State of Wisconsin as an insurance company.  At all times described herein, ACE American provided property insurance to Smithfield pursuant to policy number JY09J0252923 for various properties owned by Smithfield and its subsidiaries, including the Cudahy Processing Facility.

9.   Plaintiff, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA ("GSINDA"), is an Arizona Corporation, with its principal place of business in New York.  GSINDA is duly authorized to conduct and transact business in the State of Wisconsin as an insurance company.  At all times described herein, GSINDA provided property insurance to Smithfield pursuant

1   to policy number 280732 for various properties owned by Smithfield and its

2   subsidiaries, including the Cudahy Processing Facility.

3       10.    Plaintiff, LIBERTY MUTUAL FIRE INSURANCE COMPANY

4   ("Liberty Mutual"), is a Wisconsin Corporation with its main administrative

5   office located at 175 Berkeley Street, Boston, Massachusetts.   Liberty Mutual

6   is duly authorized to conduct and transact business in the State of Wisconsin as

7   an insurance company.  At all times described herein, Liberty Mutual provided

8   property insurance to Smithfield pursuant to policy numbers X 58A-001605-00

9   and 430565600 for various properties owned by Smithfield and its subsidiaries,

10  including the Cudahy Processing Facility.

11      11.    Plaintiff, TOKIO MARINE AND NICHIDO FIRE INSURANCE

12  CO., LTD. ("Tokio Marine"), is a New York Corporation, with its principal

13  place of business in New York. Tokio Marine is duly authorized to conduct and

14  transact business in the State of Wisconsin as an insurance company.   At all

15  times described herein, Tokio Marine provided property insurance to Smithfield

16  pursuant to policy number PRT000044171 for various properties owned by

17  Smithfield and its subsidiaries, including the Cudahy Processing Facility.

18      12.    Plaintiffs, CERTAIN UNDERWRITERS AT LLOYD'S OF

19  LONDON AND ITS MEMBERS SUBSCRIBING TO CONTRACT NO.

20  DP685509(1), UNIQUE MARKET REFERENCE B0509685509 ("Lloyd's"),

21  are foreign organizations and underwriters of insurance policies.  Lloyd's is

5

comprised of a group of syndicates acting by and through their appointed active underwriters and with a principal place of business at 1 Lime Street, London, England.  At all times described herein, Lloyd's provided property insurance to Smithfield for various properties owned by Smithfield and its subsidiaries, including the Cudahy Processing Facility.  The Plaintiffs in Paragraphs 7-12 are collectively hereinafter known as "Plaintiff Insurers."

13.    Upon information and belief, the Department of the Navy ("the Navy") is a department of the executive branch of the federal government of the United States of America.  The United States Marine Corps (USMC") falls under the umbrella of the Navy.

14.    While Plaintiffs' tort claims are technically against the Navy, pursuant to 28 U.S.C. §2679(a) the proper Defendant in this matter is the United States of America.

## Factual Allegations

15.    In 2007, Joshua Popp ("Mr. Popp"), was a reservist in the USMC, and was living at or near the Twentynine Palms USMC Base.

16.    Sometime in 2007, Mr. Popp was stationed at Camp Wilson (at the Twentynine Palms Base) for field training.  Camp Wilson is the final training and staging area for USMC units going to active combat zones.

17.    While stationed at Camp Wilson, but outside of the field training grounds (where live munitions were allowed), and outside of any area where

6

live munitions were securely stored (such as an armory), Mr. Popp found a live, M125 green star cluster flare (the "Flare").

18.   Pursuant to Department of Defense ("DOD") Regulation 5100.76M ("Physical Security of Sensitive Conventional Arms, Ammunition and Explosives"), "illumination" ordnances liked the Flare are considered Category III controlled munitions.

19.   Furthermore, pursuant to Twentynine Palms Combat Center Order ("CCO") P3500.4F, flares such as the M125 green star cluster flare are Class V munitions.  CCO P3500.4F adds that such munitions are "designed to inflict casualties and destroy property and material. . .[they make] no distinction between friend or foe."

20.   Mr. Popp took the Flare off base, away from Camp Wilson, and transported it to Cudahy, Wisconsin, where his parents reside.

21.   In July 2009, Mr. Popp traveled to Cudahy, Wisconsin to celebrate the Fourth of July Holiday with this parents and brother, Kurtis Popp.

22.   At approximately 9:23 p.m. on Sunday, July 5, 2009, Joshua and Kurtis Popp launched the Flare outside their parents' home, located at 3656 E. Holmes Avenue, Cudahy, Wisconsin 53110.

23.   The Flare traveled into the air and landed on the roof of the Cudahy Processing Facility.

7

24.     Upon landing on the roof of the Cudahy Processing Facility, the Flare exploded resulting in a massive fire.

25.     Due to the fire and resulting damage, Smithfield submitted insurance claims with the Plaintiff Insurers for property damage and business interruption losses related to the fire.   Pursuant to their respective policies, the Plaintiff Insurers paid Smithfield $208,000,000.00.   As a result of said payments, Plaintiff Insurers are legally, equitably and contractually subrogated to Smithfield's rights against the United States, and any other parties who may bear responsibility for the fire to the extent of the payments made by Plaintiff Insurers.

26.     Further, Smithfield suffered uninsured losses in the amount of $118,000,000.00, bringing the total claim to $326,000,000.00.

## COUNT ONE - NEGLIGENCE

27.     Plaintiffs incorporate by reference Paragraphs 1-26 as if they were set forth herein.

28.     Pursuant to Cal. Civ. Code §1714, as well as California common law [for example, see *Parrott v United States* (S.D. Cal. 1960) 181 F. Supp. 425, and *Warner v Santa Catalina Island Company* (1955) 44 Cal.2d 310, 282 P.2d 12] , the Navy owed a duty to the public at large (including Smithfield) to keep munitions and/or ordnance at the Twentynine Palms Base properly tracked, secured and stored, and to prevent any munitions/ordnance from

finding its way into an uncontrolled and unsecured area, or into unauthorized hands.

29.   As expressed in various regulations, the Navy was well aware of this aforementioned duty:

A.   Twentynine Palms Combat Center Order ("CCO") P3500.4F provides that the Officer in Charge ("OIC") of the training range is responsible for the control, handling, and accountability of all ammunition and explosives used in training exercises.  The OIC shall ensure that all unexpended Class V munitions (which includes the Flare) are inventoried, verified and received for appropriate storage.

B.   CCO P3500.4F provides that safety is of the utmost importance in the use and handling of ammunition and explosives (which includes the Flare) and is the responsibility of each individual concerned. The primary responsibility is to prevent any conditions which may cause injury or death.  All personnel involved in the use of ammunition and explosives will be thoroughly indoctrinated in safety precautions, procedures, and principles.

C.   CCO P3500.4F lists three major principles of safety relative to the use of ammunition and explosives (which includes the Flare) that will prevent accidents caused by the human element:  (1) proper supervision by qualified personnel; (2) proper training and instruction of individuals, crews, or other personnel who handle, transport, use or fire ammunition or explosives; and (3) proper and effective security.

D.   CCO P3500.4F requires all unit commanders to establish procedures which ensure recovery of all ordnance and salvageable ammunition components prior to departing from the firing site.

E.   CCO P3500.4F provides that ammunition shall not be removed from any military activity, nor shall it ever be abandoned, destroyed, fired indiscriminately, or otherwise disposed of in order to circumvent the inconvenience of returning it to a storage site.

F.   Finally, CCO P3500.4F provides that ammunition shall be expended for intended training purposes, only, and that burying or hiding

9

Class V munitions for future use or other purposes is expressly prohibited.

30.     In order to fulfill the aforementioned duty, the Navy instituted a serious of mandatory (non-discretionary) procedures to be followed at the Twentynine Palms Base.     These were designed to make sure that munitions/ordinance were accounted for and tracked as they left the armory (or other secured weapons storage facility), were distributed to Marines for use in training exercises in the field training grounds, and when any unused munitions were returned after training exercises were completed.     These procedures included the following:

A.     Twentynine Palms Combat Center Order ("CCO") 8000.4D provides that all munitions (which includes the Flare) used for field training "require either a staff noncommissioned officer (SNCO) or officer to sign for the munitions." The SNCO or officer who signs for the munitions must remain with those munitions until it is either: (1) expended or (2) they are turned back into the armory.

B.     CCO 8000.4D provides that any personnel withdrawing munitions must check in with the records department before actually withdrawing any munitions.

C.     CCO 8000.4D further states that munitions may be transported throughout the Base in vehicles that have been a completed vehicle inspection form and are driven by a driver certified to transport munitions, only.

D.     CCO 8000.4D provides that any munitions required for use prior to normal working hours, or on weekends may, with approval of the OIC, be loaded the previous day and staged at the armory.     Under no circumstances will munitions be transported into, or staged in, the main camp area of Camp Wilson.     Importantly, munitions to be pre-staged must be secured to "prevent pilferage."     Vehicles holding pre-staged

10

munitions will be chocked and a fire extinguisher must be placed in front of the vehicle to prevent unauthorized transport of the munitions.

E.      Similarly, CCO 8000.4D provides that any munitions returned when the armory is closed must be pre-staged and secured to "prevent pilferage." Again, the vehicle containing the pre-staged munitions must have the wheels chocked and a fire extinguisher must be placed in front of the vehicle to prevent unauthorized transport of the munitions.

F.      CCO 8000.4D also provides that units utilizing Class V munitions must submit expenditure reports within 48 hours of completion of the exercise. Each report will include the quantity of munitions received, the quantity expended, and the quantity returned.

G.      Upon information and belief, at Twentynine Palms Base CCO 8000.4D was carried out as follows. Munitions/ordnance used for a training exercise were taken from a secured storage area (armory, munitions depot, etc.) and placed in a mobile artillery outpost (a Humvee). This outpost was manned by two artillery officers who distributed the munitions/ordnance as needed for the training exercise in question. The Gunnery Sergeant was responsible for checking out munitions/ordnance from the outpost and distributing them to the Marines involved in the training exercise. At the end of the exercise all unused munitions/ordnance were to be returned to the mobile artillery outpost.

H.      Upon information and belief, in order to ensure that no unused munitions or ordnance left the training area at the conclusion of an exercise, all involved Marines were patted down before leaving the training area.

I.      Furthermore, pursuant to CCO P3500.4F, if (after the return of all unused munitions/ordnance) any Class V items (such as the Flare) should go missing, or are unaccounted for, a Missing, Lost, Stolen, or Recovered Report must be completed. On information and belief, this is followed by an investigation into the whereabouts of the missing/unaccounted for munitions/ordnance.

31.     With respect to the Flare at Twentynine Palms Base, the Navy violated the aforementioned mandatory policies and procedures, thereby

11

breaching the duty of care referred to in ¶28 above.  It ultimately failed to account for unused munitions/ordnance after the conclusion of a training exercise, permitting the Flare to find its way to an unsecured (as far as munitions/ordnance are concerned) area of the Base, where Mr. Popp found the Flare and took it.

32.     The Navy's aforementioned breach of duty was a proximate cause of the July 5, 2009 fire (and the damages set forth above).  Had the Navy fulfilled its duty of care, Mr. Popp would not have come into possession of the Flare.  Without the Flare, the fire would not have occurred.

33.     Not only was the Navy's breach of duty a proximate cause of the July 5, 2009 fire, for the following reasons (among others) Mr. Popp taking the Flare off Twentynine Palms Base, his subsequent improper use of the Flare, and the resulting fire were foreseeable events:

A.     In CCO P3500.4F, the Navy recognized that the Flare, like any other Class V ordnance, is "designed to inflict casualties and destroy property and material. . .[and makes] no distinction between friend or foe."

B.     Being concerned with the unauthorized use of munitions/ordinance by Marines and others, CCO P3500.4F made it clear that ammunition or explosives will not be appropriated for personal use.

C.     The Navy had experienced prior instances where Marines or other personnel had taken munitions/ordnance off a military base for personal use or gain.  By way of example only, in August of 2006 a Marine sold six feet of sheet explosive, two 40mm flare grenades, two tear gas grenades, nine feet of detonation cord, and twenty-three non-electronic blasting caps he had removed from the Precision Weapons

12

Section of the Quantico, Virginia Marine Base.  He was court martialed and sentenced to 57 months confinement.

WHEREFORE, Plaintiffs are entitled to damages from the United States, and they do hereby pray that judgment be entered in their favor and against the United States as follows:

- Damages in the amount of $326,000,000.00;

- An award of attorneys fees and costs;

- Any and all interest which may or has accrued; and

- Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**DENENBERG TUFFLEY, PLLC**

By: _____

Michele L. Levinson
(SBN: 234157)
mlevinson@dt-law.com
1999 Ave. of the Stars, Suite 1100
Los Angeles, CA  90067
(310) 356-4683

-and-

By:    Todd B. Denenberg
(PHV Application to be filed)
tdenenberg@dt-law.com
Alyssa J. Endelman
(PHV Application to be filed)
aendelman@dt-law.com
Paul A. Casetta
(PHV Application to be filed)
pcasetta@dt-law.com

28411 Northwestern Hwy.,
Suite 600
Southfield, MI  48034
Telephone:  (248) 549-3900

Attorneys for Plaintiffs

DATED:      March 15, 2012

# Exhibit A



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
TORT CLAIMS UNIT NORFOLK
9620 MARYLAND AVENUE SUITE 205
NORFOLK VA 23511-2949

IN REPLY REFER TO

5890
Ser J111337
November 16, 2011

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

TODD B DENENBERG ESQ
DENENBERG TUFFEY PLLC
28411 NORTHWESTERN HWY SUITE 600
SOUTHFIELD MI 48034

Dear Mr. Denenberg:

SUBJECT: CLAIM OF SMITHFIELD FOODS COMPANY, ET AL; OUR FILE
NO. J111337

This responds to your administrative claim in the amount of
$325,492,735.25 for damages allegedly resulting from a fire that
occurred at Patrick Cudahy Inc.'s processing facility in Cudahy,
Wisconsin, on July 5, 2009. The claim of Smithfield Foods
Company and its subrogating carriers was analyzed under the
Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b),
and 2671-2680. Our investigation has determined that the United
States is not liable under the FTCA for the damages claimed.

Under the FTCA, the United States has waived its sovereign
immunity only for damages caused by the negligent acts of an
employee of the Government while that employee is acting within
the scope of his office or employment. The Navy has now
completed its investigation into the circumstances surrounding
this incident. The damages claimed were not caused by any
negligent act or omission on the part of an employee of the
United States acting within the scope of his employment.
Accordingly, your client's claim is denied.

If your client disagrees with this decision, be advised that
Smithfield Foods Company has six months from the date of mailing
of this letter to file suit in the appropriate federal district

5890
Ser J111337
November 16, 2011

court.  If you have any questions, please contact me at (757) 341-4561.

Sincerely,

WILLIAM M. SEXTON
Tort Claims Attorney

2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## CV12- 2254 CBM (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

SMITHFIELD FOODS  INC, a Virginia Corporation,
*(See attached)*
_____
*Plaintiff*

v.

UNITED STATES OF AMERICA
_____
*Defendant*

Civil Action No.

CV 12 - 02254 CBM

(DTBx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Michele L. Levinson
(SBN: 234157)
mlevinson@dt-law.com
1999 Ave. of the Stars, Suite 1100
Los Angeles, CA  90067

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**

*CLERK OF COURT*

Date:   MAR 1 6 2012

L. MURRAY

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

SMITHFIELD FOODS, INC, a Virginia Corporation,
(see attached)

　　　　　　　　*Plaintiff*

　　　　　　v.

UNITED STATES OF AMERICA

　　　　　　　　*Defendant*

)
)
)
)
)
)
)

CV 12 - 02254

Civil Action No.

CBM
(DTBx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
　　　　　　　　Michele L. Levinson
　　　　　　　　(SBN: 234157)
　　　　　　　　mlevinson@dt-law.com
　　　　　　　　1999 Ave. of the Stars, Suite 1100
　　　　　　　　Los Angeles, CA  90067

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI
CLERK OF COURT

Date: MAR 16 2012

　　　　　　　　　　　　　　　　　*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| SMITHFIELD FOODS, INC. a Virginia Corporation, et al | ) |
| *Plaintiff* | ) ) ) |
| v. | ) ) ) |
| UNITED STATES OF AMERICA | ) ) ) |
| *Defendant* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Civil Process Clerk
United States Attorney's Office
Central District of California
312 North Spring Street
Suite 1200
Los Angeles, California 90012

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Michele L. Levinson
(SBN: 234157)
mlevinson@dt-law.com
1999 Ave. of the Stars, Suite 1100
Los Angeles, CA 90067

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                    _____
                                              *Printed name and title*


                                    _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| SMITHFIELD FOODS INC, a Virginia Corporation, *(See Attached )* <br> _____ <br> *Plaintiff* <br> v. <br> UNITED STATES OF AMERICA <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) **CV 12 - 02254 CBM** <br> ) <br> ) <br> ) <br> **(DTBx)** |

## SUMMONS IN A CIVIL ACTION

TO: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Michele L. Levinson
                                                (SBN: 234157)
                                                mlevinson@dt-law.com
                                                1999 Ave. of the Stars, Suite 1100
                                                Los Angeles, CA  90067

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**

CLERK OF COURT

Date:  **MAR 1 6 2012**                        L. MURRAY
                                            _____
                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

SMITHFIELD FOODS, INC., a Virginia Corporation,
(see attached)

_____
Plaintiff

v.

UNITED STATES OF AMERICA

_____
Defendant

)
)
)
)
)
)
)

CV 12 - 02254   CBM (DTBx)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Michele L. Levinson
(SBN: 234157)
mlevinson@dt-law.com
1999 Ave. of the Stars, Suite 1100
Los Angeles, CA  90067

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI
CLERK OF COURT

Date: MAR 1 6 2012     _____
Signature of Clerk or Deputy Clerk

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| SMITHFIELD FOODS, INC. a Virginia Corporation, et al | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| UNITED STATES OF AMERICA | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Eric H. Holder, Jr.
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington D.C. 20530-0001


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Michele L. Levinson
(SBN: 234157)
mlevinson@dt-law.com
1999 Ave. of the Stars, Suite 1100
Los Angeles, CA  90067


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____                    _____
                                                                   *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SMITHFIELD FOODS, INC., ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, AMERICAN INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, ET. AL. | UNITED STATES OF AMERICA |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Michele L. Levinson (234157) - DENENBERG TUFFLEY, PLLC 1999 Avenue of the Stars, Suite 1100, Los Angeles, CA  90067 (310) 356-4683 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No  ☒ MONEY DEMANDED IN COMPLAINT: $ 326,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Negligence claim against the United States of America under the Federal Tort Claims Act, 28 U.S.C. 2671, et. seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | PERSONAL INJURY | PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☒ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV 12 - 02254 CBM (DTBx)**

**FOR OFFICE USE ONLY:**  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

MAR 16 2012

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SEE ATTACHMENT | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date 3/16/12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## SMITHFIELD FOODS, INC., et. al. vs. UNITED STATES OF AMERICA

Attachment to Civil Action Cover Sheet

IX.    VENUE (subpart a)

*****************************************

Smithfield Foods, Inc. - Virginia

Patrick Cudahy, Inc. - Delaware and Wisconsin

Allianz Global Risks US Insurance Company - Los Angeles County, California

Ace American Insurance Company - Pennsylvania

General Security Indemnity Company of Arizona - Arizona and New York

Liberty Mutual Fire Insurance Company - Massachusetts and Wisconsin

Tokio Marine & Nichido Fire insurance Company, Ltd. - New York

Certain Underwriters at Lloyd's of London - England